## Charter Purposes of Business Corporation

O'HARA, Deputy Attorney General, May 31, 1934.—We have your request to be advised whether you may lawfully file articles of incorporation which by their terms are so inclusive and all-embracing as to propose that they can include the sale of alcoholic beverages, the transaction of an insurance business,

the maintenance of an educational institution, and other activities which, under the application of special laws, would be subject to the supervision or approval of various departments or agencies of this Commonwealth.

The Business Corporation Law of May 5, 1933, P. L. 364, authorizes the formation of a business corporation under the provisions of that act for any lawful purpose or purposes: section 201. It also provides that, if the articles of incorporation conform to law, the Department of State shall endorse its approval thereon and shall file the articles and issue a certificate of incorporation. The articles of incorporation, when approved and filed by the Department of State, shall constitute the charter of the corporation: section 206.

The Business Corporation Law of 1933 does not relate to, does not affect, and does not apply to:

1. Coöperative associations, whether for profit or not for profit.

2. Any corporation which may be organized under the Nonprofit Corporation Law of 1933, or which, if not existing, would be required to incorporate under that act.

3. Any corporation which, by the laws of this Commonwealth, is subject to the supervision of the Department of Banking, the Insurance Department, the Public Service Commission, or the Water and Power Resources Board: section 4.

Section 206 (b) also provides that, if the articles are intended to create a business corporation for the transaction of any business in which a corporation may not engage without the approval of or a license from any department, board, or commission of the Commonwealth, the Department of State shall refer the articles to such department, board, or commission and shall not file the articles or issue a certificate of incorporation until the approval or consent of such department, board, or commission shall have been endorsed on the articles.

For the purpose of the administration of the Business Corporation Law, bodies corporate may be classified in three classes:

1. Associations and corporations to which the act does not apply.

2. Corporations which may be created under the provisions of the act, subject to the approval or consent of an appropriate State agency.

3. Corporations which may be created under the provisions of the act for any lawful purpose or purposes.

It thus appears that corporations may not be created under the Business Corporation Law for corporate action in certain fields defined by section 4 of the act; that they may be created for any lawful purpose or purposes in certain fields defined by section 206 (b) of the act, subject to the approval or consent of an appropriate State agency; and that, subject to the classes excepted by section 4 of the act and the proviso noted, corporations may be created for any lawful purpose or purposes.

It is obvious from this analysis that the Department of State must be advised of the nature of the business which the proposed corporation undertakes to transact, before the department can determine whether it must refer the articles to some other State agency, or whether it may file the articles and issue the certificate as it is required to do by section 206 of the act, or refuse to file the articles for the reason that the proposed corporation is within one of the classes to which the act does not apply.

In aid of the department in the discharge of its duty, section 204 of the act requires the articles to contain "A precise and accurate statement of the purpose or purposes for which the corporation is organized and that it is organized under the provisions of this act."

"Precise" has been defined to mean: "Accurately expressed, definite, exact".

"Accurate" has been defined to mean: "Careful, precise, in exact conformity with a standard or with truth".

The fact that the act excepts certain classes of corporations from its provisions and provisionally includes other classes, as well as the provision that the purpose or purposes shall be precisely and accurately stated, excludes any interpretation which would permit the purpose to be deduced from a general statement that the incorporators seek to create a corporation under the Business Corporation Law or that the corporation is to be created for the purpose of transacting any lawful business. A business may be lawful but not within the field to which business corporations are limited. Again, a business may be lawful in the sense that it is not prohibited and not against public policy, but a corporation may undertake to engage in it only if it be licensed to transact such business.

Therefore, we advise you that articles of incorporation which are offered for filing under the Business Corporation Law of 1933 may be filed only when the purpose or purposes are precisely and accurately stated in such language as will permit you to determine the nature of the business operation or operations in which the corporation undertakes to engage and by such determination to conclude whether the proposed corporation is among the classes excepted from the provisions of the act or among the classes which must obtain the approval or consent of some agency of the State before it may be created a body corporate, and a license or certificate before it may lawfully transact the business or businesses in which it proposes to engage.

From C. P. Addams, Harrisburg, Pa.